UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:25-cv-80593-AMC

JOHN MARZ,

    Plaintiff,

v.

LUXOTTICA OF AMERICA INC.,
d/b/a SUNGLASS HUT CORPORATION,

    Defendant.
_____/

## DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant LUXOTTICA OF AMERICA INC., ("Defendant"), by and through its undersigned counsel, hereby submits its Answer, Defenses, and Affirmative Defenses responding, by corresponding paragraph numbers, to each of the numbered paragraphs in Plaintiff John Marz's ("Plaintiff's) Complaint. For convenience only, Defendant uses the same headings and sub-headings used by Plaintiff in his Complaint.

## PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff is legally blind. The remaining allegations in Paragraph 2 of the Complaint consist of legal conclusions to which no response is required.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint regarding whether Plaintiff cannot navigate websites without screen-reading software or whether Plaintiff is "entirely blind." The remaining

allegations in Paragraph 3 of the Complaint are not directed at Defendant and thus require no response. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5. Denied.

6. Admitted.

7. The allegations in Paragraph 7 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8. Defendant admits that this Court has subject-matter jurisdiction over this action and that Plaintiff seeks declaratory and injunctive relief. However, Defendant denies that it has violated the Americans with Disabilities Act (the "ADA") or any other law relating to accessibility and further denies that Plaintiff is entitled to any of the relief requested, or any relief whatsoever, from Defendant. The remaining allegations in Paragraph 8 of the Complaint are denied.

9. Defendant admits that it is subject to personal jurisdiction in this District. Defendant denies the remaining allegations of Paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint regarding whether Plaintiff attempted to navigate its website within this judicial district. The remaining allegations in Paragraph 10 of the Complaint consist of legal conclusions to which no response is required.

## FACTUAL BACKGROUND

11. Denied.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint regarding whether Plaintiff wanted to buy or was interested in a certain pair of glasses or the reasons why. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits that its website offers features that should allow consumers to access the goods and services it offers. The remaining allegations in Paragraph 13 of the Complaint consist of legal conclusions to which no response is required.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. The allegations in Paragraph 18 of the Complaint consist of legal conclusions to which no response is required.

19. The allegations in Paragraph 19 of the Complaint consist of legal conclusions to which no response is required.

20. The allegations in Paragraph 20 of the Complaint consist of legal conclusions to which no response is required.

21. Defendant denies that its website has access barriers. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint

22. Defendant denies that it does not provide information in an accessible format. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint

23. Denied.

24. Denied.

25. The allegations in Paragraph 25 of the Complaint consist of legal conclusions to which no response is required.

26. Denied.

27. Denied.

28. The allegations in Paragraph 28 of the Complaint consist of legal conclusions to which no response is required.

29. The allegations in Paragraph 29 of the Complaint consist of legal conclusions to which no response is required.

30. Denied.

31. Denied.

32. Denied.

33. The allegations in Paragraph 33 of the Complaint consist of legal conclusions to which no response is required.

**COUNT I- VIOLATION OF THE ADA- 42 U.S.C. SECTION 12182 *et seq.***

34. Defendant reasserts and adopts its responses to paragraphs 1 through 33 above as if set forth fully herein.

35. The allegations in Paragraph 35 of the Complaint consist of legal conclusions to which no response is required.

36. The allegations in Paragraph 36 of the Complaint consist of legal conclusions to which no response is required.

37. The allegations in Paragraph 37 of the Complaint consist of legal conclusions to which no response is required.

38. The allegations in Paragraph 38 of the Complaint consist of legal conclusions to which no response is required.

39. The allegations in Paragraph 39 of the Complaint consist of legal conclusions to which no response is required.

40. The allegations in Paragraph 40 of the Complaint consist of legal conclusions to which no response is required.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. The allegations in Paragraph 45 of the Complaint consist of legal conclusions to which no response is required.

46. Denied.

47. The allegations in Paragraph 47 of the Complaint consist of legal conclusions to which no response is required.

48. Defendant asserts that 28 C.F.R. Section 36.303(b) speaks for itself.

49. The allegations in Paragraph 49 of the Complaint consist of legal conclusions to which no response is required.

50. The allegations in Paragraph 50 of the Complaint consist of legal conclusions to which no response is required.

51. Denied.

52. Denied.

53. Denied.

54. Defendant admits that the Court has the power to grant injunctive relief. However, Defendant denies that it has violated the ADA or any other law relating to accessibility and further denies that Plaintiff is entitled to any of the relief requested, or any relief whatsoever, from Defendant.

55. Upon information and belief, Plaintiff has retained counsel in this matter. Defendant is without knowledge sufficient to admit or deny whether Plaintiff has agreed to pay his attorney a reasonable fee for their services. The remaining allegations in Paragraph 55 of the Complaint consist of legal conclusions to which no response is required. Defendant further denies that Plaintiff is entitled to any of the relief requested in the unnumbered "Wherefore" clause following Paragraph 55, including paragraphs 56-62.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF

63. Defendant reasserts and adopts its responses to paragraphs 1 through 62 above as if set forth fully herein.

64. Denied.

65. Denied. Defendant further denies that Plaintiff is entitled to any of the relief requested in the unnumbered "Wherefore" clause following Paragraph 65, including paragraphs 66-72.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted under Title III of the ADA.

2. Plaintiff lacks standing to bring this suit, in whole or in part, and thus, the Complaint should be dismissed.

3. Plaintiff has not incurred any actual damages or injury.

4. This case is moot because there is no actual case and controversy.

5. Plaintiff has demanded modifications and/or barrier removals that would cause Defendant an undue burden under 42 U.S.C. § 12182(b)(2)(A)(iii).

6. The modifications, barrier removals, and/or other related changes demanded by Plaintiff either already exist or are not readily achievable pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

7. Plaintiff's claims for injunctive and other equitable relief are barred because he will not suffer any irreparable injury if injunctive or other equitable relief is denied and/or because she has an adequate and complete remedy at law.

8. Defendant reserves the right to assert additional defenses and affirmative defenses, and to amend its response as further facts are revealed through its investigation.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, and award Defendant its costs and attorneys' fees incurred in defending this action.

Dated: August 4, 2025

Respectfully submitted,

*/s/ Beth S. Joseph*
Beth S. Joseph
Florida Bar No. 62952
Email: beth.joseph@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue
Suite 1600
Miami, FL 33131-3075
Telephone: 305.415.3308
Facsimile: 305.415.3001

*Counsel for Defendant*